**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                  No. CR 17-2944 JB

SHAWN DALE TORREZ,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant Shawn Torrez's Objections to Presentence Investigation Report ¶ 8, at 3, filed July 19, 2018 (Doc. 28)("Objections"). The primary issue is whether Defendant Shawn Dale Torrez' charged offense involved ten or more victims, and thus warrants a 2-level increase pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2B1.1(b)(2)(A) and U.S.S.G. § 2B1.1 Application Note 4(C). Torrez argues that § 2B1.1(b)(2)(A) and § 2B1.1 Application Note 4(C) do not apply, because "[t]here do not seem to be more than ten victims in this case." Objections ¶ 8, at 3. Moreover, Torrez asserts that, "[i]f probation is alluding to Application Note 4(C) discussion of stolen mail, there is no information that the Special Rules of 4(C)(ii)(1) apply." Objections ¶ 8, at 3. Plaintiff United States of America filed a response. See United States' Response to Defendant's Objections to Presentence Investigative Report, filed August 17, 2018 (Doc. 33)("Response"). In the Response, the United States asserts that "the parties have conferred and come to an agreement regarding the restitution"; however, the United States does not address whether the parties agree that the Court should apply a 2-level increase pursuant to § 2B1.1(b)(2)(A) and § 2B1.1 Application Note 4(C). Response ¶ 3, at 1. The United States further asserts that the "total offense level should be reduced to 11,"

Response ¶ 6, at 2, and that "the parties have communicated this agreement to the United States Probation Office and understand that either an addendum to the presentence report or a re-disclosed report will be prepared," Response ¶ 6, at 2. Finally, the United States requests that the Court: "(1) find that Defendant's objections to the presentence report are moot given the parties' agreement," and "(2) honor the parties' agreement." Response ¶ 7, at 2. The United States Probation Office filed a Second Presentence Report. See Second Presentence Report, filed October 16, 2018 (Doc. 36)("Second PSR"). The Second PSR reflects that the parties agreed upon changes to the loss amounts, but includes the 2-level increase, pursuant to § 2B1.1(b)(2)(A), for an offense involving ten or more victims, see Second PSR ¶ 33, at 9, and concludes that Torrez' Total Offense Level is 11, see Second PSR ¶ 40, at 9. The Second PSR further identifies more than ten victims in this case. See Second PSR ¶¶ 15-23, at 6-9. Hence, the Court will apply the 2-level increase.

## DISCUSSION

U.S.S.G. §2B1.1(b)(2)(A) provides that "[i]f the offense . . . (i) involved 10 or more victims; (ii) was committed through mass-marketing; or (iii) resulted in substantial financial hardship to one or more victims, increase by **2** levels," U.S.S.G. § 2B1.1(b)(2)(A) (emphasis in original), and U.S.S.G. § 2B1.1 Application Note 4(C) provides:

> In a case in which undelivered United States mail was taken, or the taking of such item was an object of the offense, or in a case in which the stolen property received, transported, transferred, transmitted, or possessed was undelivered United States mail, "victim" means (I) any victim as defined in Application Note 1; or (II) any person who was the intended recipient, or addressee, of the undelivered United States mail.

U.S.S.G. § 2B1.1 Application Note 4(C). Application Note 4(C)'s Special Rule dictates that the 2-level enhancement for ten or more victims applies to cases involving "a United States Postal Service relay box, collection box, delivery vehicle, satchel, or cart" or "a housing unit cluster box

or any similar receptacle that contains multiple mailboxes." U.S.S.G. § 2B1.1 Application Note 4(C)(ii). U.S.S.G. defines "victim" as "any person who sustained any part of the actual loss determined under subsection (b)(1); or (B) any individual who sustained bodily injury as a result of the offense. 'Person' includes individuals, corporations, companies, associations, firms, partnerships, societies, and joint stock companies." U.S.S.G. § 2B1.1 Application Note 1.

U.S.S.G. § 2B1.1(b)(2)(A)'s 2-level increase applies to Torrez' offense, because the Second PSR identifies more than ten victims. The Second PSR states that, on March 15, 2018, "the defendant pled guilty to a four count Indictment." Second PSR ¶ 2, at 5. Counts 1 and 3 discuss loss to Shelton Jewelers that Torrez effected using N.C.'s identity.[1] See Second PSR ¶ 14, at 6. Counts 1 and 3 involve loss to Sandia Credit Union, see Second PSR ¶ 15, at 6, Wells Fargo, and Capital One effected using N.C and E.M.'s identity, see Second PSR ¶ 16, at 6. The Second PSR's discussion of Counts 2 and 4 also references a postmarked retirement "packet" that the unnamed intended recipient did not receive. Second PSR ¶ 16, at 6-7. Furthermore, Counts 1 and 3 reference loss to, among others, Community Bank, Zale's Gem, Bank of America, Conn's Consumer Credit, Lending Club/WesBank, Rich Ford, and Discover Card effected using N.C.'s identity. See Second PSR ¶ 15, at 6. The Second PSR summarizes Torrez' "scheme and artifice" as entailing

> Torrez obtaining stolen mail which contained personal identifying information of individuals. Torrez used said information to alter checks, create fraudulent checks and create a counterfeit driver's license extension. . . . Torrez subsequently submitted fraudulent online applications for lines of credit and for credit cards in the names of others, including but not limited to, N.C., E.C., and E.M. . . . Torrez used fraudulently obtained personal information to access E.M.'s checking account

---

[1] The Second PSR identifies three named victims and refers to these victims by the letters N.C., E.C., and E.M. See Second PSR ¶ 23, at 9. The Court assumes that these letters are the victims' initials.

and used said account to make payments against fraudulent lines of credit obtained by Torrez.

Second PSR ¶ 23, at 9.

The Second PSR thus identifies the following victims as intended recipients or addressees of undelivered United States mail: N.C., E.C., E.M., and the unnamed recipient of E.M.'s retirement packet. See Second PSR ¶ 23, at 9. The Second PSR further identifies the following victims as people who sustained actual loss: Shelton Jewelers, Capital One, Wells Fargo, Sandia Credit Union, Community Bank, Zale's Gem, Bank of America, Conn's Consumer Credit, Lending Club/WesBank, Rich Ford, and Discover Card. See Second PSR ¶ 15, at 6. Hence, the Court concludes that Torrez' offense involved more than ten victims, and the Court will therefore apply § 2B1.1(b)(2)(A)'s 2-level increase.

**IT IS ORDERED** that the objection to application of U.S.S.G. § 2B1.1(b)(2)(A)'s 2-level increase in the Defendant Shawn Torrez's Objections to Presentence Investigation Report ¶ 8, at 3, filed July 19, 2018 (Doc. 28), is overruled.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

John C. Anderson
  United States Attorney
Nicholas Jon Ganjei
Kimberly A Brawley
  Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Diego R. Esquibel
The Barnett Law Firm, P.A.
Albuquerque, New Mexico

    *Attorneys for the Defendant*